UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TREAT, INC., an Oregon
corporation,

    Plaintiff,

v.

DESSERT BEAUTY, a
Barbados corporation,

    Defendant.

Civil No. 05-923-PK

O R D E R

HAGGERTY, Chief Judge:

Magistrate Judge Papak has referred a Findings and Recommendation [86] to this court recommending that:

(1)    plaintiff Treat's Motion To Strike the Amended Declaration of Sujata Chaudhri [56] should be denied;

(2)    defendant Dessert Beauty, Inc.,'s (DBI) Motion for Summary Judgment and Motion to Dismiss [36] should be granted in part and denied in part as follows: DBI's request for summary judgment

1     - ORDER

on Treat's trademark infringement on the issues of likelihood of confusion and fair use should be denied; DBI's request for summary judgment on its fraud counterclaim should be denied; DBI's motion to dismiss Treat's trade dress claim should be granted with prejudice; DBI's alternative motion for summary judgment on Treat's trade dress claim should be denied as moot;

(3)  Treat's Motion for Summary Judgment [61] should be granted in part and denied in part as follows:  Treat's request for summary judgment on its trademark infringement claim should be denied and Treat's request for summary judgment on DBI's counterclaim for cancellation on the grounds that the mark is generic or descriptive should be granted; and

(4)  Treat's Motion for Leave to File a First Amended Complaint [30] should be granted.

Defendant DBI has filed objections to these recommendations, asserting that the Findings and Recommendation erred by denying defendant's Motion for Summary Judgment on plaintiff's trademark infringement claim on issues of likelihood of confusion and fair use, denying defendant's summary judgment motion on its fraud counterclaim, and granting plaintiff's cross-motion for summary judgment on defendant's cancellation counterclaim.  Defendant contends that its motion for summary judgment regarding likelihood of confusion or fair use should be granted, and/or that it is entitled to summary judgment on its fraud or cancellation counterclaims.  Coupled with the proper adoption of the Findings and Recommendation's proposed dismissal of plaintiff's trade dress infringement claim, these results would dispose of the case and render plaintiff's motion to amend the Complaint to add additional retailer defendants moot.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.

1981). The court need not perform a *de novo* review of those portions of the Findings and Recommendation to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also* Advisory Comm. Notes to Fed. R. Civ. P. 72(b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept" the Magistrate Judge's recommendation) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

In performing its review, this court may accept, reject, or modify, in whole or in part, the Findings and Recommendation, opt to receive further evidence, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

Detailed accounts of the facts alleged in this matter are set forth in the Findings and Recommendation. These facts need be reviewed only briefly, and only where relevant, here.

At the outset, this court notes that plaintiff raises no objections. As noted above, this court reviews those portions of the Findings and Recommendation to which no objections are filed for clear error. This court has confirmed that there is no clear error on the face of the record regarding the recommendations to: (1) deny plaintiff Treat's Motion To Strike the Amended Declaration of Sujata Chaudhri [56]; (2) grant DBI's motion to dismiss Treat's trade dress claim with prejudice; and (3) deny Treat's motion for summary judgment on its trademark infringement claim. These recommendations are adopted. *Campbell*, 501 F.2d at 206.

Defendant DBI asserts objections to the Findings and Recommendation's conclusions that defendant's requests for summary judgment on the trademark infringement claim should be denied, defendant's motion for summary judgment on its fraud counterclaim should be denied, and that plaintiff's cross-motion for summary judgment on defendant's cancellation counterclaim should be granted. This court has given these conclusions a *de novo* review and has carefully considered defendant's objections.

Defendant's request for leave to file a Reply brief in support of its Objections is hereby granted, and defendant's Reply has also been considered. The court adopts the Findings and Recommendation's reasoning on each of the challenged recommendations.

1.  **Summary judgment precluded regarding the trademark infringement claim**

This court has reviewed the Findings and Recommendation's analysis of the parties' cross-motions for summary judgment on the question of whether DBI's use of the term "treats" is likely to cause confusion with plaintiff's TREAT mark. The Findings and Recommendation properly evaluated the eight factors set out by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The Findings and Recommendation's conclusion that neither party is entitled to a determination as a matter of law regarding the likelihood of confusion is sound and is adopted.

Defendant's further objection that the Findings and Recommendation erred in concluding that defendant was not entitled to summary judgment on the trademark infringement claim by virtue of defendant's affirmative defense asserting "fair use" is also overruled. Genuine issues of material fact plainly exist. Whether DBI's use of the term "treats" is exclusively descriptive cannot yet be determined as a matter of law.

///

///

2.  **Summary judgment precluded on defendant's fraud counterclaim**

Defendant also objects to the Findings and Recommendation's conclusion that it has failed to meet its burden of showing that it is entitled to judgment as a matter of law on its counterclaim alleging fraud. The Findings and Recommendation properly analyzed this question.

"[A] party seeking cancellation for fraudulent procurement must prove the alleged fraud by clear and convincing evidence." *Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336,340 (Fed. Cir. 1997), citation omitted.  The Lanham Act imposes an obligation upon an applicant to refrain from making knowingly inaccurate or knowingly misleading statements in the verified declaration forming a part of the application for registration.  *Id.*, citations and internal quotations and emphases omitted.

Defendant has raised a triable issue regarding whether plaintiff, as trademark applicant, committed fraud in procuring its registration because it made material representations of fact in its supporting declaration which it knew or should have known to be false or misleading.  Specifically, DBI complains of the paucity of evidence suggesting that plaintiff's mark was used in commerce since June 21, 2002, in a manner as represented in plaintiff's registration application:  specifically, on "bath and body care products and cosmetics, namely, bath and massage oils, facial masks, skin moisturizers, facial scrubs, sugar body scrubs, sugar hand scrubs, sugar foot scrubs, non-medicated foot creams, perfumes, essential oils for personal use, soaps and face and skin cleansers."  However, the Findings and Recommendation evaluated the conflicting evidence presented on this question and correctly concluded that DBI failed to establish by clear and convincing evidence that it is entitled to judgment as a matter of law on the question of whether plaintiff made false or misleading statements in its registration process that it knew or should have known about.

### 3.     Summary judgment proper on defendant's cancellation counterclaim

Defendant objects to the Findings and Recommendation's conclusion that Treat's request for summary judgment on DBI's counterclaim for cancellation on the grounds that the mark is generic or descriptive should be granted.  Defendant reiterates its contentions that plaintiff Treat's mark is merely descriptive and generic, and that plaintiff's registration of its mark should be declared invalid and void.

The Findings and Recommendation found to the contrary, concluding that plaintiff's mark "TREAT is a suggestive mark when applied to bath and beauty products." Findings and Recommendation at 9. The Findings and Recommendation then subsequently acknowledged "the inherent weakness of the descriptive mark and the evidence of a crowded field," and concluded that the evaluation of the *Sleekcraft* factor referred to as "Strength of Mark" actually favored DBI. Findings and Recommendation at 11.

This court adopts this analysis. While plaintiff's mark is not strong, it remains a suggestive mark. Accordingly, plaintiff is entitled to summary judgment on the narrow issue of DBI's cancellation counterclaim, which is founded upon an inaccurate assertion that plaintiff's mark should be construed as merely descriptive and generic.

## **CONCLUSION**

For the reasons provided, the Findings and Recommendation [86] is ADOPTED in its entirety. Accordingly:

(1) plaintiff Treat's Motion To Strike the Amended Declaration of Sujata Chaudhri [56] is denied;

(2) defendant DBI's Motion for Summary Judgment and Motion to Dismiss [36] is granted in part and denied in part as follows: DBI's request for summary judgment on Treat's trademark infringement on the issues of likelihood of confusion and fair use is denied; DBI's request for summary judgment on its fraud counterclaim is denied; DBI's motion to dismiss Treat's trade dress claim is granted with prejudice; DBI's alternative motion for summary judgment on Treat's trade dress claim is denied as moot;

(3) plaintiff Treat's Motion for Summary Judgment [61] is granted in part and denied in part as follows: Treat's request for summary judgment on its trademark infringement claim is denied and

        Treat's request for summary judgment on DBI's counterclaim for cancellation on the grounds that the mark is generic or descriptive is granted; and

(4)    Treat's Motion for Leave to File a First Amended Complaint [30] is granted.

        Leave for defendant to file a Reply brief (asserted in defendant's Reply brief [89]) is granted.

Accordingly, defendant's Objections [87] are overruled.

IT IS SO ORDERED.

Dated this 28 day of September, 2006.

                                            /s/Ancer L. Haggerty
                                                Ancer L. Haggerty
                                            United States District Judge